UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| John Evans (#B-41234), | ) |
| Plaintiff, | ) |
| | ) No. 15 C 2295 |
| v. | ) |
| | ) Judge Rebecca R. Pallmeyer |
| Ms. Brown, et. al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Evans brought this *pro se* civil right action under 42 U.S.C. § 1983 against seven nurses at Cermak Health Services ("Defendants"). Evans alleges that Defendants were deliberately indifferent to his serious medical need. Defendans have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is denied.

## BACKGROUND

Evans is a former inmate at the Cook County Jail. (*See* Dkt No. 1, Comp. at 2.) Defendants are nurses at Cermak Health Services, a healthcare provider for the jail. (Comp. at 2-3.) Evans alleges that, while incarcerated at Cook County Jail, he received dialysis three times a week. (Comp. at 5.) The treatments caused Evans' temperature and blood pressure to rise. (*Id.*) The treatments also caused Evans to experience nausea, blackouts, depression, vomiting, loss of weight, and delirium. (*Id.*) The neurologist who administered Evans' dialysis recommended that Evans eat ice chips to alleviate the side effects of the treatment. (*Id.*) According to Evans, each named Defendant denied him ice chips following dialysis. (*Id.*)

In its initial screening order dated April 15, 2015, the court explained that "while the facts of this case ultimately may show that [Defendants'] failure to provide Plaintiff with ice chips following his dialysis treatment is not constitutionally deficient, Plaintiff's allegations state a claim." The court noted decisions from other district courts that have concluded that the denial

of ice chips to alleviate the side effects of medical treatment are sufficient to support a deliberate indifference claim at the pleading stage. (Dkt. No. 5, Apr. 15, 2015 Order at 2.)

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). A claim survives a challenge under Rule 12(b)(6) when it "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard does not ask for detailed factual allegations, but "plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

District courts are free to disregard "adequate abstract recitations of the elements of a cause of action," *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), but they nevertheless must "construe *pro se* complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers," *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). District courts also must view the complaint in the light most favorable to the non-movant, accept all well-pleaded factual allegations as true, and draw all reasonable inferences in the non-movant's favor. *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014).

## ANALYSIS

The Fourteenth Amendment prohibits deliberate indifference to the serious medical needs of pretrial detainees. *Burton v. Downey*, __ F.3d __, No. 14-3591, 2015 WL 5894126, at *5 (7th Cir. Oct. 8, 2015). To establish a claim of deliberate indifference, an inmate must allege

facts showing that he suffered from an objectively serious medical condition and that jail personnel acted with deliberate indifference to that condition. *Id.*; *see Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014). "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Deliberate indifference also occurs when medical personnel consciously disregard a risk to an inmate's health, *Townsend*, 759 F.3d at 689, or the treatment is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate [an inmate's] condition," *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (internal quotation marks and citation omitted).

Defendants first argue that the side effects Evans experienced as a result of dialysis cannot be considered an objectively serious medical condition. (Defs. Mot. at 5-7.) In support, Defendants rely on cases concluding that "aches, pains, and discomfort" are not serious medical conditions, *see Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997), and "breathing problems, chest pains, dizziness, sinus problems, headaches, and a loss of energy" are not objectively serious conditions, *see Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir. 1999). Evans has alleged that he suffered from more than mere aches and pains, however; dialysis allegedly caused him to experience a rise in body temperature and blood pressure as well as nausea, blackouts, vomiting, and delirium. The cases cited by Defendants do not address the symptoms described by Evans, nor did Defendants address the cases relied on by this court in its screening order. Evans is entitled to an inference at this stage of the litigation that his medical condition was sufficiently serious to support a deliberate indifference claim.

Defendants next argue that the conduct alleged by Evans shows only that Defendants disagreed with the neurologist's recommendation and thus does not rise to the level of deliberate indifference. (Defs. Mot. at 7-8.) Evans' allegations show no such thing. The facts pleaded by Evans show only that the neurologist administering the treatment recommended that Evans eat ice chips to alleviate any side effects, and Defendants did not give Evans ice chips.

3

Evans need not plead more to state a claim.  See FED. R. CIV. P. 8(a) (explaining that a pleading must contain only "a short and plain statement of the claim").  Whether the neurologist communicated his or her recommendation to Defendants or whether Defendants believed ice chips would have an impact on Evans' symptoms cannot be resolved solely by reference to Evans' complaint.  Thus, the court cannot determine at this juncture whether Defendants' failure or refusal to provide Evans with ice chips constitutes deliberately indifference to his medical need.

Similarly, Evans' allegation that Defendants told him "that there no-ice machine in the hospital" does not defeat his claim.  Defendants suggest that "[i]f . . . the Defendant Nurses cannot offer him ice chips because the hospital does not have an ice machine, . . . the Defendant Nurses acted pursuant to a custom or practice of the hospital" and thus cannot be held individually liable for the conduct alleged in the complaint.  (Defs. Mot. at 9.)  But Evans' allegation concerning the ice machine is offered only as the reason allegedly proffered by Defendants for their failure to provide ice chips.  Ice chips may have been available through some other means, and Defendants may have had other reasons for their failure to provide ice chips.  The allegation concerning the reported lack of an ice machine, in short, does not establish that the hospital has a custom, practice or policy of denying dialysis patients ice chips or alternative palliative treatments.  The court therefore declines to conclude, at this stage, that Defendants acted pursuant to a hospital policy, either as a defense to individual liability or as support for a *Monell* claim against Cook County.

Finally, Defendants allege that Evans pleaded insufficient allegations to confer liability on each of them. (Defs. Mot. at 8-9.)  Evans, however, explicitly stated:  "each staff member who[] I have named in my suit has[] denied me[] ice chips."  Although he did not list the name of each Defendant at this point in his complaint, Plaintiff's allegation that "each staff member . . . named in my suit . . . denied me ice chips" is sufficient to put each Defendant on notice of Evans' claim against them.

## **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss [20] is denied. Because Plaintiff's damages appear to be modest, the court encourages the parties to continue their settlement efforts.

ENTER:

Dated:  November 25, 2015

_____
REBECCA R. PALLMEYER
United States District Judge